USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/4/11

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
CIA NAVIERA FINANCIERA ARIES, S.A.,      :     10 Civ. 6014 (BSJ) (JLC)
                                          :
                       Plaintiff,         :     MEMORANDUM AND ORDER
                                          :
                                          :
            -v.-                          :     (ECF Case)
50 SUTTON PLACE SOUTH OWNERS, INC.,       :
                                          :
                       Defendant.         :
------------------------------------------------------------x

**JAMES L. COTT, United States Magistrate Judge.**

A deposition of John M. Phufas, Esq., Plaintiff's co-counsel who is apparently a fact witness in this matter, is scheduled for January 5, 2011. By letter dated December 20, 2010, Herman Leibowitz, Esq., counsel representing the heirs of Theodore Xenakis ("the heirs"), who owned the cooperative apartment at 50 Sutton Place South that is the subject of this lawsuit, requested permission from the Court to attend the Phufas deposition (along with his "of counsel" Nicholas Patouris) and to question the witness, as Plaintiff had advised him it would not permit him to do so. The heirs are not currently parties in this litigation, although Mr. Leibowitz has represented to the Court that he plans to file a motion to intervene no later than February 10, 2011. Mr. Leibowitz added in his letter that, without objection, he (and Mr. Patouris) attended the deposition of plaintiff's principal on November 3, 2010, and he had the opportunity to question that witness.

By letter dated January 3, 2011, counsel for Plaintiff Raymond Connell, Esq., advised the Court that he opposed Mr. Leibowitz's application. While he acknowledged that Mr. Leibowitz participated in the earlier deposition of Plaintiff's principal, he contended that he only agreed to such an arrangement because he had assumed the approval to represent the heirs would have been obtained from the Surrogate's Court by November 30, 2010. Mr. Connell argued that

USDC SDNY
DATE SCANNED 1/4/11

requiring Mr. Phufas to answer questions from an attorney for a non-party at this juncture would be inappropriate.

In a reply letter dated January 3, 2011, Mr. Leibowitz submitted to the Court a copy of Letters of Temporary Administration on the Estate of Theodore Xenakis, thus attempting to demonstrate to the Court his progress in representing the heirs and in anticipation of a motion to intervene.[1]

Neither Plaintiff nor the heirs have submitted any legal authority for their respective positions. I have found authority for the proposition that non-parties such as the heirs "do not have an absolute right to attend a deposition." Grand River Enterprise Six Nations, Ltd. v. Pryor, 02 Civ. 5068 (JFK)(DFE), 2008 WL 806530, at *1 (S.D.N.Y. Mar. 24, 2008) (citation omitted). However, I find that Plaintiff has failed to show that Mr. Leibowitz's presence and participation at the Phufas deposition would result in "annoyance, embarrassment, oppression, or undue burden or expense," or any other "good cause" for a protective order under Rule 26(c)(1) of the Federal Rules of Civil Procedure. Indeed, it may well be efficient for Mr. Leibowitz to participate at this juncture of the proceedings, rather than wait for the heirs' motion to intervene. If the motion to intervene is granted, and Mr. Leibowitz had not been permitted to participate in the Phufas deposition on January 5, 2011, the deposition might have to be reopened further down the road. Moreover, Mr. Leibowitz's participation may potentially aid in assisting the parties to a non-judicial resolution of this matter.

Finally, I have reviewed the transcript of the October 6, 2010 conference with the parties, at which Mr. Leibowitz also participated on behalf of the heirs. During the conference, Mr.

---

[1] Counsel for defendant has not submitted a letter on the issue presented to the Court.

Phufas stated explicitly that he had no objection to Mr. Leibowitz questioning witnesses at depositions, even before he had made his motion to intervene. See Transcript of Civil Cause for Conference dated October 6, 2010 at 10-11.[2] This is consistent with Mr. Leibowitz's prior participation at the Anastasakis deposition on November 3, 2010.

In sum, because Plaintiff (1) previously agreed to counsel for the heirs' participation (as reflected in Mr. Leibowitz's participation in the Anastasakis deposition), (2) has cited no legal authority in support of its position, and (3) failed to articulate sufficient prejudice to warrant a protective order precluding Mr. Leibowitz's attendance, Mr. Leibowitz's request to attend and question Mr. Phufas at his deposition (and for Mr. Patouris to be present as well) is GRANTED.

**SO ORDERED.**

Dated:   New York, New York
         January 4, 2011

_____
JAMES L. COTT
United States Magistrate Judge

**Copies sent to the following via ECF:**

Raymond A. Connell, Esq.
132 Nassau Street, Suite 900
New York, NY 10038
212 -233- 0440

Osman Dennis, Esq.
Axelrod, Fingerhut & Dennis

---

[2]   MR. LIEBOWITZ (sic): Your Honor, we have no objection to depositions being taken. We only ask that we could be there and we could also question the witness.

MR. PFUFAS (sic): No objection.

\*   \*   \*

MR. PFUFAS (sic): Yeah. You may not have your status by then, but, really, we don't care. If they're going to obtain status subject to Your Honor's ruling, they can come to the depositions. We'll invite them to ask questions.

260 Madison Avenue
New York, NY 10016
(212)-702-0900

**Copy sent by facsimile to:**

Herman Leibowitz, Esq.
56 West 45th Street
New York, NY 10036
(212) 764-1018

Hon. Barbara S. Jones